## UNITED STATES v. HAYNES.

(Circuit Court, S. D. New York. April 20, 1901.)

### No. 2,888.

1. CUSTOMS DUTIES—CLASSIFICATION—WOOL TRAVELING RUGS.

> Wool traveling rugs, which are not "portions of carpets or carpeting," are not included in the provision in tariff act of October 1, 1890, c. 1244, § 1, Schedule K, par. 408, 26 Stat. 598, for "rugs * * * and other portions of carpets or carpeting, made wholly or in part of wool," but are dutiable under the provision in paragraph 392 of said act (section 1, Schedule K, 26 Stat. 596), for "all manufactures of every description made wholly or in part of wool."

Appeal by the United States from a decision of the Board of General Appraisers which sustained the protest of the importer.

This appeal was taken by virtue of instructions by the Secretary of the Treasury to the collector of customs at the port of New York. These instructions are published as T. D. 20,692, the pertinent portion of which reads as follows:

> The department is in receipt of the decision, dated the 12th ultimo, of the Board of General Appraisers (not published), sustaining the protest, 77,152a–14,595, of Messrs. C. A. Haynes & Co. It appears that the merchandise was returned by the appraiser as wool traveling rugs, and duty was assessed thereon at 44 cents per pound and 50 per cent. ad valorem, under paragraph 392, Schedule K, § 1, c. 1244, of the tariff act of October 1, 1890 (26 Stat. 596), as a manufacture of wool, and that the principal claim in the protest is under paragraphs 407 and 408 of said act (section 1, Schedule K, 26 Stat. 598), where rugs are provided for eo nomine. The board in its decision states: "The contention here raised seems to be settled in principle by the decision of the Circuit Court of Appeals in Ingersoll v. Magone, 4 C. C. A. 150, 53 Fed. 1008. Following that ruling, we sustain the protest, claiming the goods to be dutiable at 50 per cent. ad valorem, and reverse the collector's decision accordingly." The department does not concur in the conclusions reached by the Board of General Appraisers in this case. In following the ruling in Ingersoll v. Magone, the board held the goods dutiable at 50 per cent. ad valorem, on the ground, probably, that they were rugs provided for eo nomine. The court decision referred to was under the act of March 3, 1883, which, in paragraph 378, c. 121, Schedule K (22 Stat. 510), after enumerating rugs and other articles obviously in the line of carpets or carpeting, proceeds

as follows: "And the duty on all other mats, * * * hassocks, and rugs shall be 40 per centum ad valorem." Hence the court held the articles to come under the special provision for "all other rugs." The distinguishing feature of paragraph 408 of the succeeding act of 1890, in the opinion of the department, differentiates the case now presented from the one relied upon by the board. The provision for "other rugs" is dropped in the later legislation, and the paragraph reads, "mats, rugs, screens, covers, hassocks, bed sides, art squares and other portions of carpets or carpeting made wholly or in part of wool and not specially provided for in this act shall be subjected to the rate of duty herein imposed on carpets or carpeting of like character and description." In the preceding numerous specifications of carpets or carpeting, none is found to characterize or apply to the rugs in question. These are traveling rugs, and, although the Board of General Appraisers does not find any fact other than that they were returned by the appraiser as wool traveling rugs, the essential fact appears in the protest that they are similar to those covered by G. A. 2069; that is, that they are composed of mohair and cotton, and are not portions of carpets or carpeting. If it is true that the merchandise in question is not carpets or carpeting, or is not of like character or description as the carpets or carpeting upon which duties are specifically imposed by paragraphs 399–407, inclusive, Schedule K, § 1, c. 1244 (26 Stat. 597, 598), then we must look elsewhere in the traiff for the appropriate provision. It may be found in paragraph 392, for "all manufactures of every description made wholly or in part of wool, worsted, the hair of the camel, goat, alpaca or other animals." These considerations seem to fully justify an appeal to the Circuit Court, and you are therefore hereby directed to file an application for review of the board's decision.

W. Usher Parsons, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises wool traveling rugs, upon which duty was assessed at 44 cents per pound and 50 per cent. ad valorem, under paragraph 392 of the act of October 1, 1890, c. 1244, § 1, Schedule K, par. 392 (26 Stat. 596), as a manufacture of wool. The importer protested, claiming that the articles in question were dutiable as "rugs" eo nomine, under paragraphs 407 and 408 of said act (section 1, Schedule K, 26 Stat. 598). The Board of Appraisers sustained the protest of the importer. Subsequently the Treasury Department notified the collector of customs that said decision was not approved (T. D. 20,692), and I concur in the reasons therein stated, and therefore the decision of the Board of General Appraisers is reversed.

1. CUSTOMS DUTIES—CLASSIFICATION—HEMSTITCHED LAWNS—COTTON CLOTH.